O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **HAOREN MA,** | |
| **Petitioner,** | **Case No. EDCV 16-0809-JGB (AJW)** |
| **v.** | **MEMORANDUM AND ORDER DISMISSING PETITION** |
| **LORETTA LYNCH, et al.,** | |
| **Respondents.** | |

Petitioner, who is subject to a removal order, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 26, 2016. The petition seeks release from United States Immigration and Customs Enforcement ("ICE") custody. On June 8, 2016, respondent filed an answer to the petition, including a notice that petitioner has been released from immigration custody, arguing that the petition is moot. The exhibits attached to the answer demonstrate that petitioner was released from custody on or about May 10, 2016. [Answer, Ex. 1].

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); North Carolina v. Rice, 404 U.S. 244, 246

(1971)(per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982); see Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once a convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.").

Petitioner seeks release from ICE custody pending his removal. Because petitioner already has been released from custody, there is no additional relief that this Court could grant petitioner.[1] Accordingly, the petition is **dismissed as moot**.

**It is so ordered.**

Dated: June 30, 2016

Jesus G. Bernal
United States District Judge

[1] To the extent that petitioner seeks a judgment declaring any future confinement by ICE unconstitutional, such a claim would be based upon speculation and would not be ripe for review. See Texas v. United States, 523 U.S. 296, 300 (1998) (explaining that a claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all") (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-581 (1985)). Rather, petitioner may file a new habeas corpus petition challenging any such future confinement after it occurs.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **HAOREN MA,**<br>**Petitioner,**<br>**v.**<br>**LORETTA LYNCH, et al.,**<br>**Respondents.** | **Case No. EDCV 16-0809-JGB (AJW)**<br><br>**JUDGMENT** |

It is hereby adjudged that the petition for a writ of habeas corpus is dismissed as moot.

Dated: ____________________

Jesus G. Bernal
United States District Judge